IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANTIAGO M. SHAW                                                                                       PETITIONER

VS.                                                                    CIVIL ACTION NO.  3:22cv261-CWR-FKB

WARDEN P. BOULET                                                                                   RESPONDENT


**REPORT AND RECOMMENDATION**

Santiago Shaw is a federal inmate serving a 121-month sentence imposed by the United States District Court for the Western District of Tennessee. He is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Shaw brings this petition under 28 U.S.C. § 2241 challenging the computation of his sentence by the Bureau of Prisons (BOP).

The relevant facts are as follows.  In September 2015, Shaw was indicted in the United States District Court for the Western District of Tennessee on a gun charge (criminal action no. 1:15-cr-10074).  At the time, Shaw was out on bond on state charges.  On September 28, 2015, he was arrested by state authorities.  However, by December 28, 2015, the state had dismissed all charges, and as of that date, Shaw was in exclusive federal custody.  In 2016, he was indicted in the United States District Court for the Western District of Tennessee on a RICO offense (criminal action no. 2:16-cr-20081).  He remained in federal custody, and on March 29, 2018, after entering a guilty plea, he was sentenced on the gun charge to 37 months.  The judgment was silent as to whether the sentence would run concurrently or consecutively with any other sentence.  Shaw received 923 days of prior custody credit and completed his sentence two months

later on May 26, 2018. Shaw remained in federal custody on the pending RICO charge in cause no. 2:16-cr-20081. He entered a guilty plea in that action and was sentenced on November 1, 2019, to 121 months. The judgment in this second federal case, no. 216-cr-20081, stated that the sentence was to run concurrently with the sentence in the earlier federal case, no. 1:15-cr-10074. [18-1] at 27.

Shaw contends that the BOP has wrongfully calculated his second sentence, cause no. 2:16-cr-20081, by failing to run it concurrently with his first federal sentence. In answer to the petition, Respondent has submitted the declaration of Kneyse Martin, a correctional programs specialist at the BOP's Designation and Sentence Computation Center. [18-1]. Martin explains the calculation of Shaw's sentence as follows: The BOP determined that under 18 U.S.C. § 3585(a), Shaw's first federal sentence commenced on March 29, 2018, the date it was imposed. *Id.* at 2. Prior custody credit was given for 923 days, consisting of time spent in state and federal custody before March 29, 2018. *Id.* Shaw was sentenced to a 121-month term in the second case, no. 2:16-cr-20081, on November 1, 2019, and under 18 U.S.C. § 3585(a), his sentence commenced on that date. *Id.* He was given prior custody credit for the period between the completion of his earlier sentence and his second sentencing, *i.e.*, May 27, 2018 through October 31, 2019. *Id.* Although the judgment on the second sentence provided it was to run concurrently with the earlier sentence, the BOP could not give effect to this

provision, as Petitioner had already completed his first sentence by the time his second sentence was imposed. *Id*.

Shaw argues that he should have been given credit for the time served on his first sentence. Shaw's argument fails because his second sentence had not yet commenced when he completed his first sentence. Neither could the BOP have calculated it as having commenced while he was still serving his first sentence: "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (citing 18 U.S.C. § 3585(a)). It follows that a federal sentence cannot commence prior to pronouncement, even if made concurrent with an already-completed sentence.

A federal court may grant relief to a federal prisoner under § 2241 only if the petition demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Brown v. Lundgren*, 528 F.2d 1050, 1052 (5th Cir. 1976). The BOP's calculations are entirely consistent with the governing statutes. Accordingly, there is no basis for habeas relief. The undersigned recommends that relief be denied and that Shaw's § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of October, 2023.

                                                 /s/ F. Keith Ball
                                                 United States Magistrate Judge

---

[1] Where a document is served by mail, service occurs on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).