IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SANTIAGO M. SHAW**                                                                                    **PETITIONER**

V.                                                                         CAUSE NO. 3:22-CV-261-CWR-FKB

**WARDEN P. BOULET**                                                                                    **RESPONDENT**

## ORDER

Before the Court is Magistrate Judge Ball's Report and Recommendation to deny petitioner Santiago M. Shaw's § 2241 petition. Docket No. 25. Shaw did not timely object.[1] Shaw's Notice of Appeal of Judge Ball's ruling, *see* Docket No. 26, was therefore premature. Because the Court will adopt the Report and Recommendation's factual findings and legal conclusions, Shaw's petition is dismissed with prejudice.

On January 19, 2022, Shaw petitioned the Court for a *writ of habeas corpus* on grounds that the Bureau of Prisons erred in calculating his federal sentence. Docket No. 1; *see also* Docket No. 18. Relevant here are Shaw's two federal sentences.

On March 29, 2018, Shaw was sentenced to 37 months' incarceration for a gun charge. Docket No. 25 at 1. Shaw's first sentence commenced on March 29, 2018 and ended on May 26, 2018, as he was credited 923 days for time served. *Id.* Although that sentence was concluded, Shaw remained in federal custody; he was detained on a pending RICO charge.

On November 1, 2019, Shaw was sentenced to 121 months' incarceration on that RICO offense. *Id.* at 2. The judgment instructed that Shaw's second federal sentence "was to run concurrently with [his first federal sentence]." *Id.* Shaw's second federal sentence commenced on November 1, 2019—over a year after he completed his first sentence.

Shaw contended in his petition that the Bureau of Prisons' calculation was incorrect

---

[1] Objections to the Report and Recommendation were due by October 31, 2023, 14 days after Judge Ball issued the Report and Recommendation. Docket No. 25.

because it failed to run Shaw's second sentence concurrently with his first sentence. After reviewing the briefing and the evidence, Judge Ball determined that the second sentence could not run concurrently with the first sentence because Shaw completed his first sentence before his second sentence was imposed. Docket No. 25 at 2-3.

Shaw promptly filed a Notice of Appeal asking the Fifth Circuit to review the Magistrate Judge's Report and Recommendation. Docket No. 26. The Notice of Appeal, though, was unsigned. It was also premature to ask the Fifth Circuit for review because no Final Judgment had issued.

Judge Ball did not err in analyzing Shaw's petition. "[T]he BOP could not give effect to" the second sentencing Judge's instruction because Shaw's second sentence could not possibly run "concurrently with" his first sentence. *See* Docket No. 25 at 2. Put another way, a sentence cannot run concurrently with a previous sentence that has already ended. Thus, the BOP's "calculations are entirely consistent with the governing statutes." *Id.* at 3.

The Court therefore adopts the Report and Recommendation as its own Order and dismisses with prejudice Shaw's petition. A Final Judgment will issue separately. If Shaw wishes to seek review in the Fifth Circuit, he must timely file a signed Notice of Appeal.

**SO ORDERED**, this the 30th day of November, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
